**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALI HIRANI** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-01741** |
| | § | |
| **TRAVELERS CASUALTY INSURANCE** | § | |
| **COMPANY OF AMERICA, SAM** | § | |
| **SALAZAR, AND HERBERT DALLUM** | § | |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Casualty Insurance Company of America, a defendant in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

**I.
STATE COURT ACTION**

This case was initially filed in the 284th Judicial District Court of Montgomery County, Texas.  The state court action is styled: Cause No. 16-05-05706; <u>Ali Hirani v. Travelers Casualty Insurance Company of America, Sam Salazar, and Herbert Dallum</u>, in the 284th Judicial District Court of Montgomery County, Texas.

**II.
PARTIES**

The plaintiff, Ali Hirani, is, upon information and belief, an individual citizen and resident of Montgomery County, Texas.

The defendant, Travelers Casualty Insurance Company of America ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

The defendant, Sam Salazar ("Salazar"), is an individual citizen and resident of the State of Texas.  Significantly, however, Salazar, and the plaintiff's claims against Salazar, have been improperly joined.  Accordingly, Salazar's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

The defendant, Herbert Dallum ("Dallum"), is an individual citizen and resident of the State of Texas.  Significantly, however, Dallum, and the plaintiff's claims against Dallum, have been improperly joined.  Accordingly, Dallum's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

## III.
## JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and represents a dispute for which the _properly_ joined parties are citizens of different states.  Here, the plaintiff has improperly joined Salazar and Dallum to this suit.  As such, Salazar and Dallum's Texas citizenship should be disregarded when determining whether this Court has diversity jurisdiction over the plaintiff's claims against Travelers.  As the plaintiff is a resident and citizen of Texas and Travelers is a citizen of Connecticut, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

A defendant may remove an action to federal court if that court would have original jurisdiction over the case.  28 U.S.C. § 1441(a).  To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332. However, under the doctrine of improper joinder, a case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, i.e., without a legal basis to do so.  Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091, at *3 (S.D. Tex. Mar. 26, 2015).  "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant." Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14-15 (S.D. Tex. June 19, 2013).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court.  Smallwood, 385 F.3d at 573. Defendants claiming improper joinder based on the latter standard must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."  Barclay, 2015 U.S. Dist. LEXIS 38091, at *4.  A "reasonable basis" means more than a mere hypothetical basis.  Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., 2011 U.S. Dist. LEXIS 6541 (S.D.

3

Tex. Jan. 20, 2011).  A mere theoretical possibility of recovery is insufficient.  <u>Barclay</u>, 2015 U.S. Dist. LEXIS 38091, at *4.

 To assess whether a plaintiff has a reasonable basis of recovery under state law, "the court may conduct a [FED. R. CIV. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  <u>Smallwood</u>, 385 F.3d at 573.

### B. The plaintiff has failed to allege a reasonable basis for the Court to predict the plaintiff can recover against Salazar and Dallum.

 As shown below, the plaintiff has failed to allege any specific facts against Salazar and Dallum that would lead to individual liability and has thus failed to allege a reasonable basis for predicting that state law would allow recovery against Salazar and Dallum.  Instead, the plaintiff has articulated only non-specific and conclusory allegations against Salazar and Dallum, together with near-verbatim quotations of statutory provisions the plaintiff claims Salazar and Dallum violated in an effort to defeat diversity jurisdiction.  In essence, the plaintiff's factual allegations against Salazar and Dallum fail to identify anything he did wrong other than estimate the plaintiff's alleged loss to be less than what the plaintiff desired.

 While certain paragraphs in the plaintiff's original petition appear to be directed at Salazar and Dallum, for the most part they merely track the statutory provisions the plaintiff claims Salazar and Dallum violated.  <u>See</u> plaintiff's original petition.  The only "factual" allegations relating to Salazar and Dallum in the plaintiff's original petition can be essentially boiled down to the following:

- Salazar and Dallum were assigned to adjust the claim;

- Salazar and Dallum conducted a substandard inspection, failed to properly adjust the claims, and misrepresented the cause of and cost to repair the alleged damage to the property; and

- Salazar and Dallum advised the plaintiff as to how he could repair the property so as to prevent further damage.

See id.  All other allegations in the plaintiff's original petition specifically against Salazar and Dallum merely track the language of the various statutory provisions the plaintiff claims Salazar and Dallum violated.  See id.  As discussed below, federal district courts in Texas, including in the Southern District of Texas, routinely hold that allegations made against an adjuster functionally similar to the ones made against Salazar and Dallum herein are insufficient to allege a reasonable basis for the court to predict that a plaintiff may be able to recover against the adjuster, and have thus denied remand. See, e.g., Barclay, 2015 U.S. Dist. LEXIS 38091; Okenkpu v. Allstate Tex. Lloyd's, 2012 U.S. Dist. LEXIS 41705 (S.D. Tex. Mar. 27, 2012).

### C. Courts in the Southern District have found improper joinder on numerous occasions in cases nearly identical to this one.

Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against an adjuster defendant on the ground that the plaintiff failed to establish a cause of action against the adjuster.  See e.g. Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091 (S.D. Tex. 2015) (Miller, J.) (remand denied in part because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril); Okenkpu v. Allstate

Tex. Lloyd's, 2012 U.S. Dist. LEXIS 41705 (S.D. Tex. 2012) (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly conducted substandard inspections of the plaintiff's property and spent an insufficient amount of time inspecting the property as evidenced by his report which failed to include all of the damages noted upon inspection and grossly undervalued those damages); Centro Cristiano Cosecha Final, Inc., 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. 2011) (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly failed to fully quantify the plaintiff's damages, conduct a thorough investigation of the claim, fairly evaluate and adjust the plaintiff's claim, and provide the plaintiff with a reasonable explanation as to why the insurance company was not compensating the plaintiff for the full value of the plaintiff's covered losses); Finkelman v. Liberty Mut. Fire Ins. Co., 2010 U.S. Dist. LEXIS 56813 (S.D. Tex. 2010) (Lake, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly was assigned to adjust the plaintiff's claim and, together with the insurance company, wrongfully denied the plaintiff's claim for property repairs, underpaid some of the plaintiff's claim by not providing full coverage under the policy, and underestimated damages during her investigation); Centaurus Gf Cove v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 67391 (S.D. Tex. 2010) (Miller, J) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly traveled to the property site in question and conducted an inadequate investigation regarding the damages).

The case at issue here is similar, if not substantively identical, to <u>Okenkpu</u>.  In <u>Okenkpu</u>, the plaintiffs sought remand after Allstate removed the case contending the adjuster defendant was improperly joined.  <u>Okenkpu</u>, 2012 U.S. Dist. LEXIS 41705.  In support of their motion to remand, the plaintiffs argued that they "pleaded specific facts about [the adjuster] that state[d] a claim under Texas law, i.e., that [the adjuster] conducted substandard inspections of Plaintiffs' property, that [the adjuster] spent an insufficient amount of time inspecting [the property], as evidenced by [the adjuster's] report, which failed to include all of the damages noted upon inspection, and that those damages [the adjuster] included were grossly undervalued."  <u>Id.</u>, at *20.  The court noted these statements were conclusory and lacked the factual specificity necessary to state a claim.  <u>Id.</u>  Accordingly, the court denied the plaintiffs' motion to remand and dismissed the adjuster defendant with prejudice as improperly joined.  <u>Id.</u>, at *23.

Here, the plaintiff claims, in essence, that Salazar and Dallum were assigned to adjust the claim, conducted a substandard inspection, failed to properly adjust the claims, and misrepresented the cause of and cost to repair the alleged damage to the property.  <u>See</u> plaintiff's original petition.  As was the case in <u>Okenkpu</u>, these allegations are conclusory and lack the specificity necessary to state a claim under Texas law.

In addition to being similar to the allegations made against the adjuster defendant in <u>Okenkpu</u>, the plaintiff's allegations against Salazar and Dallum are similar to allegations made against the adjuster defendants in <u>Centro Cristiano Cosecha Final, Inc.</u>, <u>Barclay</u>, <u>Finkelman</u>, and <u>Centaurus Gf Cove</u>.  The plaintiff's allegations that Salazar and Dallum were assigned to adjust the claim, conducted a substandard inspection, failed to properly adjust the claims, and misrepresented the cause of and

cost to repair the alleged damage to the property are similar, if not identical, to the allegations found in the cases cited and discussed herein in which remand was denied on the ground that the plaintiff failed to allege a reasonable basis for the court to predict that the plaintiff could recover. Based on these authorities, the plaintiff's claims against Salazar and Dallum have been improperly joined and Salazar and Dallum's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

### D. This case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company" the insurance adjuster to avoid removal.

As Judge McBryde in the Northern District of Texas judge recently noted in a 2016 case similar, if not substantively identical, to the case at hand, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court." Patel v. Acceptance Indem. Ins. Co., 2016 U.S. Dist. LEXIS 10300, *7 (N.D. Tex. Jan. 28, 2016). In Patel, the plaintiff filed suit against Acceptance Indemnity Insurance Company and adjuster Charles Payne related to an insurance coverage dispute arising out of a storm. Id. at *1-2. Acceptance removed the case to federal court alleging that the Northern District had subject matter jurisdiction by reason of diversity of citizenship. Id. at *2. Acceptance contended that the Texas citizenship of Payne should be disregarded because he was not properly joined as a defendant. Id. The plaintiff then filed a motion to remand, which the court ultimately denied. Id. at 1-2. In doing so, the court reasoned that the

plaintiff's allegations were related to the investigation and estimation of damages, while the plaintiff's claims arose out of an alleged breach by the insurer of its duty and the insurer's denial of the claim.  Id. at *8.  The court further reasoned that:

> "[w]hile it is true that plaintiff's complaint includes what appear to be factual allegations related to [the adjuster], a close analysis discloses that they are nothing more than mere conclusions.  No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [the adjuster], bearing in mind that ultimately [the insurance company], not [the adjuster], was responsible for insurance coverage."

Id. at *9.

The case at issue here bears striking resemblance to Patel.  Here, as in Patel, the plaintiff's allegations against Salazar and Dallum relate only to their investigation and estimation of damages, while the plaintiff's claims against Travelers relate to Travelers' alleged breach and denial of the claim.  See id. at *8.  Also, as in Patel, a close analysis of the plaintiff's allegations reveal that "[n]o facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [Salazar and Dallum], bearing in mind that ultimately [Travelers], not [Salazar or Dallum], was responsible for insurance coverage."  See id. at *9.  Ultimately, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court."  See id. at *7.

Based on Patel and all other authorities cited herein, the plaintiff's claims against Salazar and Dallum have been improperly joined and Salazar and Dallum's citizenship

should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.


## IV.
## TIMELINESS

Travelers was served with process and the plaintiff's original petition on or after May 25, 2016.  Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.
## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a.  Exhibit A:    Civil action cover sheet;

b.  Exhibit B:    Copies of all executed processes in the case, if any;

c.  Exhibit C:    Copies of all pleadings asserting causes of action and all answers to such pleadings;

d.  Exhibit D:    Copies of all orders signed by the state court judge, if any;

e.  Exhibit E:    A copy of the state court docket sheet;

f.  Exhibit F:    An index of matters being filed;

g.  Exhibit G:    A list of all counsel of record, including addresses, telephone numbers, and parties represented;

h.  Exhibit H:    Sam Salazar's Consent of Removal; and

i.  Exhibit I:    Herbert Dallum's Consent of Removal.

## VI.
## CONDITIONS PRECEDENT

The defendant has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal.  A copy of this notice of removal is also being filed in the 284th Judicial District Court of Montgomery County, Texas, and all counsel of record are being provided with complete copies.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Travelers Casualty Insurance Company of America respectfully requests that the above action, styled: Cause No. 16-05-05706;  Ali Hirani v. Travelers Casualty Insurance Company of America, Sam Salazar, and Herbert Dallum, in the 284th Judicial District Court of Montgomery County, Texas, be removed to this Court.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS CASUALTY
 INSURANCE COMPANY OF
AMERICA

11

## **CERTIFICATE OF SERVICE**

     I do hereby certify that on the 17th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.


                            /s/ Greg C. Wilkins _____

                              Greg C. Wilkins