EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALI HIRANI** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-01741** |
| | § | |
| **TRAVELERS CASUALTY INSURANCE** | § | |
| **COMPANY OF AMERICA, SAM SALAZAR** | § | |
| **AND HERBERT DALLUM** | § | |

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT C: COPIES OF PLEADINGS ASSERTING
<u>CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Casualty Insurance Company of America, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

Received and E-Filed for Record
5/23/2016 1:18:25 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

**CAUSE NO.** 16-05-05706

| | | |
|---|---|---|
| ALI HIRANI | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | Montgomery County - 284th Judicial District Court |
| TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| SAM SALAZAR, AND | § | |
| HERBERT DALLUM | § | MONTGOMERY COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Ali Hirani, hereinafter referred to as "Plaintiff," complaining of Defendants, Travelers Casualty Insurance Company of America, Sam Salazar and Herbert Dallum (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Ali Hirani, is an individual and resident of Texas.

Defendant, Travelers Casualty Insurance Company of America ("Travelers"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. It can be served

with citation by serving its registered agent, Corporation Service Company, by certified mail, return receipt requested, at 211 East 7th Street, Suite 620, Austin, TX 78701.

Defendant, Sam Salazar ("Salazar"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 1704 Tranquility LN., Pflugerville, TX 78660, or wherever else he may be found.

Defendant, Herbert Dallum ("Dallum"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 16346 Sky Blue Ln., Houston, TX 77095, or wherever else he may be found.

## III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Montgomery County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Montgomery County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Montgomery County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

## IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A.     Plaintiff is the owner of insurance Policy Number 608-6125M730-14042 issued by Defendant Travelers (hereinafter referred to as the "Policy").

B.     Plaintiff owned the insured property, which is specifically located at 22997 Ridgemoore Estates Ct., Conroe, Montgomery County, Texas 77385 on May 21, 2015 (hereinafter referred to as the "Property").

C.     Defendant Travelers or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.     On or about May 21, 2015, a wind and hailstorm struck the Conroe, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.     Plaintiff submitted a claim to Travelers against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm.  Plaintiff asked that Travelers cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.     Defendants have assigned claim number E1S3583001H to Plaintiff's claim.

G.     Defendants Salazar and Dallum were the agents for Travelers and represented Travelers in regard to Plaintiff's claim. Salazar and Dallum also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim.  As such, Salazar and Dallum acted as an insurance adjusters engaged in the business of insurance with respect to the Plaintiff's insurance claim.  Therefore, Salazar and Dallum are   "persons" who are individually liable for their unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.  Furthermore, Salazar and Dallum acted as the agents and representatives for Travelers in this claim.

H.      Defendants Salazar and Dallum improperly adjusted the Plaintiff's claim.   Defendants
        Salazar and Dallum conducted a substandard inspection, which are evidenced in their
        reports, which failed to include many of Plaintiff's damages.[1] Their estimates did not allow
        adequate funds to cover repairs to restore Plaintiff's home.   Without limitation, Salazar and
        Dallum misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's
        Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under
        Plaintiff's insurance policy.[2] Salazar and Dallum made these and other misrepresentations to
        Plaintiff as well as to Travelers.   Plaintiff and Travelers both relied on Salazar's and
        Dallum's misrepresentations, including but not limited those regarding the cause of, scope
        of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a
        result of such reliance.   Salazar's and Dallum's misrepresentations caused Travelers to
        underpay Plaintiff on him insurance claim and, as such, Plaintiff has not been able to
        properly and completely repair the damages to Plaintiff's property.   This has caused
        additional, further damage to Plaintiff's property. Salazar and Dallum also advised Plaintiff
        as to how he could repair him Property so as to prevent further damage to the Plaintiff's
        Property.[3]  This advice was negligent and false because it turns out Plaintiff could not
        properly repair his Property and prevent future damage by following Salazar's and Dallum's
        advice.  Plaintiff's Property has sustained further damages as a result.

I.      Defendants Travelers and Salazar misrepresented that the damages caused by the wind and
        hailstorm were only $3,524.16.[4] Salazar misrepresented that Plaintiff's property did not

---

[1] *See Plaintiff's Exhibits "A" and "B": Defendant Salazar's Damage Estimate dated July 16,*
*2015, and Defendant Dallum's Denial Letter dated January 21, 2016 .*
[2] *Id.*
[3] *Id.*
[4] *Id.*

suffer any damage to the roof that was caused by the subject storm. This misrepresentation allowed Salazar's Damage Estimate to exclude the value of damage to the roof of the property, as well as the value of the water damage to the interior of the property. However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $313,000.00 and were caused by a covered occurrence.

J.    Defendants Travelers and Dallum misrepresented that the damages caused by the wind and hailstorm were only $3,524.16 as stated by Defendant Salazar.[5]  Dallum misrepresented that there was no evidence of hail damage to Plaintiff's property on the date of the subject storm. Additionally, Dallum misrepresented that there was no hail or wind damage to the roof of plaintiff's property caused by the subject storm, which allowed Dallum to falsely affirm the misrepresentations in Defendant Salazar's Damage Estimate.   However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $313,000.00 and were caused by a covered occurrence.

K.    Defendants Travelers, Salazar and Dallum failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

L.    These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

M.    Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

N.    Defendant Travelers failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant failed and refused to pay the

---

[5] *See Plaintiff's Exhibit "B": Defendant Dallum's Denial Letter dated January 21, 2016.*

full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

O. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

P. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

Q. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

R. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

S.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

T.    Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

U.    Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

V.    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for him claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

W.    From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no

basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

X.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

Y.     Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against Travelers

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Travelers has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm.  As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of

Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against Travelers, Salazar and Dallum**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against Travelers, Salazar and Dallum**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had

the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against Travelers, Salazar and Dallum**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct

described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.   They further include Defendants' failure to give Plaintiff the benefit of the doubt.   Specifically, Defendants are guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing.   Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Travelers, Salazar and Dallum**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F. Cause of Action for Fraud Against Travelers, Salazar and Dallum**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to him detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into

purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim.  As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## G.  Cause of Action for Conspiracy Against Travelers, Salazar and Dallum

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive

insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that he purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**H.   Cause of Action for Aiding and Abetting Against Travelers, Salazar and Dallum**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1.   Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing.   The other Defendant(s) had knowledge that the primary actor's

conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a

breach of duty to the Plaintiff.  The other Defendant(s)' participation was a substantial factor in causing the tort or torts.  Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I.  Cause of Action for Negligence and Gross Negligence Against Salazar and Dallum

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendants Salazar and Dallum were negligent in giving advice to Plaintiff as to how he could repair he Property so as to prevent further damage to the Plaintiff's Property.  This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair him Property and prevent future damage by following Salazar's and Dallum's advice. Plaintiff's Property has sustained further damages as a result. Salazar and Dallum owed a duty to use reasonable care when he undertook to advise the Plaintiffs as to how he could repair him

Property so as to prevent further damage to the Plaintiff's Property.  Defendants Salazar and Dallum breached this legal duty.  The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendants Salazar and Dallum.

## J.  Cause of Action for Negligent Misrepresentation Against Salazar and Dallum

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendants Salazar and Dallum constitute negligent misrepresentations that have caused damages to Plaintiff.  Salazar and Dallum made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendants had an interest.  The Defendants supplied false information for the guidance of others, including Plaintiff.  The Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff.  Plaintiff justifiably relied upon such representations, and the Defendants' negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants Salazar and Dallum.

Plaintiff seeks herein, as a result of Defendants' negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental

anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000.00.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiffs asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**HUMBERTO G. GARCIA, PLLC**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
HUMBERTO G. GARCIA
Texas State Bar No. 07636620
humberto@speightsfirm.com

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
W. LEE CALHOUN
Texas State Bar No. 24078300
lee@speightsfirm.com

**ATTORNEYS FOR PLAINTIFF**



**TRAVELERS**

P.O. Box 2949
Hartford, CT 06104-2949
(877)-TRAVCAT (872-8228)


AD DEVELOPERS AND BUILDERS,INC                                    7/16/2015
22997 RIDGEMOOR ESTATES COURT
CONROE, TX, 77385

| | |
|---|---|
| **Insured:** | AD DEVELOPERS AND BUILDERS,INC |
| **Policy #:** | 680    6125M730 |
| **Claim/File#:** | E1S3583001H |
| **Date of Loss:** | 5/21/2015 |
| **Underwriting Company:** | TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA |

Dear Mr. Hirani,

I am following up on our recent conversation about the damage to your property.  As we discussed, I am providing a summary of your payment calculation and an explanation about the portion of your claim that is not covered under your policy.

**PAYMENT CALCULATION:**

Please review the estimate provided for covered wind damages to the light ballasts in the parking lot. Should you or your contractor have questions about any portion of the estimate, please contact us at 1-877-872-8228 before beginning any repairs or replacing any items.

### Payment for Building Damages:

| | |
|---|---|
| Full Cost of Repair or Replacement: | $3,524.16 |
| Minus Recoverable Depreciation: | -$1,211.99 |
| Actual Cash Value: | $2,312.17 |
| Minus Deductible: | -$1,000.00 |
| **Payment:** | **$1,312.17** |

Your estimate includes depreciation. Depreciation is the loss of value that occurs over time due to factors such as age, wear and tear, and obsolescence.  Under most insurance policies, claim settlement begins with an up-front payment for the actual cash value of your damage, or the value of the damaged or destroyed item(s) at the time of the loss. For additional explanation and examples of how depreciation works, please visit the claim section at www.travelers.com and search for "Understanding Depreciation."

Your initial payment is based on the actual cash value of your items.  You may receive additional payment(s) once you repair and/or replace the damaged items and provide us with documentation (i.e., invoices or cancelled checks). Please write your claim number on these documents and send them to us by mail, email or facsimile at:

PO BOX 2949
Hartford, CT 06104-2949
Email: NCCenter@travelers.com



EXHIBIT

A

Fax: 1-800-688-1493

We have decided not to calculate coinsurance to determine whether the condition applies to the lighting damages caused by storm activity.   Our decision does not mean that we are waiving the right to apply the coinsurance condition on future claims.

**EXPLANATION OF NON-COVERED PORTION**

After researching this claim, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA determined that your policy does not cover the existing condition of the roof as there are no damages related to wind, hail or any other Covered Cause of Loss. The reasons for this determination are outlined below.

You presented a claim for possible damages to the roof due to storms that went through the area recently along with resulting interior damages due to a roof leak. We inspected the damages with you on 7/10/15. Our research found that the roof did not sustain any damages related to wind, hail or any other cause of loss. As a result, the water leaking into the building did not enter through an opening in the roof or walls caused by a Covered Cause of Loss. Since the roof and resulting interior damages were not caused by a Covered Cause of Loss, your policy does not provide coverage for the condition of the roof or resulting interior leakage.

As a reference, I have provided the following section of your policy, **MP T1 02 02 05 – BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM** along with endorsement **MP T4 79 06 13 – TEXAS CHANGES** which explains that this portion of the loss is not covered:

**A. COVERAGE**
    We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.

    **4. Covered Causes of Loss**
        RISKS OF DIRECT PHYSICAL LOSS unless the loss is:
        **a.** Limited in Paragraph **A.5.,** Limitations; or
        **b.** Excluded in Paragraph **B.,** Exclusions.

    **5. Limitations**
        **a.** We will not pay for loss of or damage to:
            **(1)** The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
                **(a)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
                **(b)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

**B. EXCLUSIONS**
    We will not pay for loss or damage caused by or resulting from any of the following:
    **d. (1)** Wear and tear;
        **(2)** Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

From endorsement **MP T4 79 06 13 – TEXAS CHANGES:**

**C. Limitation A.5.a** is replaced by the following:

   **a.** We will not pay for loss of or damage to:

   **(1)** The "interior of any building or structure" caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

   **(a)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

   **(b)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

Based on the policy language above, there would be no coverage for the condition of the roof as there are no damages resulting from a Covered Cause of Loss as wear and tear along with deterioration are excluded. In addition, as the resulting interior damages did not enter through an opening in the roof or walls from a Covered Cause of Loss, there would be no coverage for these damages.

This decision is based on the information and documentation we received during our research of this claim. If you are aware of any new or different information or documentation that might lead us to reconsider our decision, please contact me immediately.

Your policy may have other terms, conditions and exclusions that apply to this claim. We do not waive any rights, including our right to deny coverage, for any other valid reason under the policy or at law.

If you have any questions, please contact us at 1-877-872-8228 or NCCenter@travelers.com.

Sincerely,


Sam Salazar


**Phone:**   (877) 872-8228
**Fax:**      (800) 688-1493
**Email:**    nccenter@travelers.com

 **TRAVELERS**

| | | | |
|---|---|---|---|
| Customer: | AD DEVELOPERS AND BUILDERS,INC | Home: | (936) 718-3468 |
| Property: | 706 E. DAVIS | Business: | (936) 718-3468 |
| | CONROE, TX 77301 | | |
| Home: | 22997 RIDGEMOOR ESTATES COURT | | |
| | CONROE, TX 77385 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Sam Salazar | | |
| Company: | TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | | |
| Business: | PO BOX 65100 | Business: | (512) 466-2558 |
| | San Antonio, TX 78265 | E-mail: | ssalaza2@travelers.com |

**Claim Number:** E1S3583001H       **Policy Number:** 680    6125M730       **Type of Loss:** HAIL
**Date of Loss:** 5/21/2015       **Date Completed:** 7/10/2015 11:04 AM       **Price List:** TXTW8X_JUL15

| Coverage | Deductible | Policy Limit |
|---|---|---|
| Commercial Building 1 | $1,000.00 | $0.00 |

**Dear AD DEVELOPERS AND BUILDERS,INC:**

**We have prepared an estimate of damages which will serve as the basis for our determination of benefits. Therefore, you and/or your contractor should review this estimate carefully and let us know immediately if you have any questions prior to beginning any work. A letter with an explanation of benefits and coverage will be provided to you separately.**

**Thank you for allowing us to be of service, and thank you for choosing TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA for your insurance needs. If you have any questions regarding this estimate or any aspect of your claim, please contact the National Claim Center at 877-872-8228 or nccenter@travelers.com.**

*For more information about how the claim process works and where to find services to help you recover, visit travelers.com/claim.*



**AD_DEVELOPERS_AND_BU**

### Lighting

| DESCRIPTION | QTY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| COMMERCIAL BUILDING 1 | | | | | | |
| 1.  Parking lights - metal halide, 250 watt (pole mount) | 6.00 EA | 466.51 | 230.92 | 3,029.98 | (1,211.99) | 1,817.99 |
| 2.  Single axle dump truck - per load - including dump fees | 1.00 EA | 176.52 | 14.56 | 191.08 | (0.00) | 191.08 |
| 3.  Scissor lift - 26' platform height - electric powered | 2.00 DA | 140.00 | 23.10 | 303.10 | (0.00) | 303.10 |
| **Commercial Building 1 Totals:** | | | **268.58** | **3,524.16** | **(1,211.99)** | **2,312.17** |
| **Totals:  Lighting** | | | **268.58** | **3,524.16** | **1,211.99** | **2,312.17** |
| **Area Commercial Building 1 Total:** | | | **268.58** | **3,524.16** | **(1,211.99)** | **2,312.17** |
| **Line Item Totals:  AD_DEVELOPERS_AND_BU** | | | **268.58** | **3,524.16** | **1,211.99** | **2,312.17** |

**TRAVELERS**

## Summary for Commercial Building 1

| | |
|---|---:|
| Line Item Total | 3,255.58 |
| Comm. Rpr/Remdl Tax | 268.58 |
| **Replacement Cost Value** | **$3,524.16** |
| Less Depreciation | (1,211.99) |
| **Actual Cash Value** | **$2,312.17** |
| Less Deductible | (1,000.00) |
| **Net Claim** | **$1,312.17** |
| Total Recoverable Depreciation | 1,211.99 |
| **Net Claim if Depreciation is Recovered** | **$2,524.16** |

Sam Salazar

TRAVELERS

Travelers Casualty Insurance Company Of America
P O Box 42927
Houston, TX 77242-2839

01/21/2016

**Dominick James Claus Inc.**
**2100 Bering Drive Unit 404**
**Houston TX 77057**

Insured:          Ad Developers And Builders,Inc
Claim Number:     E1S3583
Policy Number:    680   -6125M730
Date of Loss:     06/18/2015
Loss Location:    706 E. Davis Conroe TX 77301

EXHIBIT

B

Dear Mr. Dominick Claus,

This is a follow up letter concerning the re inspection for the above property location. A re-inspection for storm related damages was completed by Accute Engineering November 11,2015. A copy of the report has been provided to you for review.

Some stated Conclusions of the report are below:

1. The evidence does not support a claim of hail damage at the subject property in the spring of 2015.

2. There is evidence of hail fall at the subject property that occurred on March 27, 2009 that resulted in indentations in the north-facing fins of five (5) roof-mounted condenser units, in the north rake trim, and within the west slope of the corrugated metal roof panels.

3. The hail-induced indentations in the condenser unit fins have been previously combed.

4. Faint indentations in the corrugated metal roof panels and the north rake trim have not resulted in functional damage to the building cladding components and the indentations are not visible.

5. There are no breaches or openings in the roof surface that were created by hail or wind in 2015.

6. Interior water damage is a function of leaks in the roof due to as-built construction and maintenance conditions and is unrelated to storm damage.

7. The scope of work in the repair estimate prepared by Texas Claim Consultants, dated October 19, 2015, is unrelated to damage caused by hail or recent wind.

Based on the re -inspection findings Travelers' position remains the same as stated in our prior partial denial letter dated 7/16/2015.  There are no openings in the roof surface or walls caused by  a Covered Causes of  Loss. Therefore, the interior water damage to the building is not covered.

Further,the engineer report states or indicate the evidence does not support a claim of hail

damage in 2015. No evidence of hail damage to this property during this policy period of 9/12/2014-9/12/2015 being claimed.  No hail damage for this claim.

The engineer report states there is evidence of hail at the property that occurred on March 27, 2009.

All covered storm damages for this claim has been addressed, adjusted, and paid.

Our decision is based on the information and documentation we received during our research of this claim.

The policy may have other terms, conditions and exclusions that apply to this claim. We do not waive any rights, including our right to deny coverage, for any other valid reason under the policy or at law.

If you have any questions, please contact me.


Sincerely,


Herbert Dallum
Claim Professional
Direct: (281)788-1129
Office: (800)235-3610
Fax: (877)749-0075
Email: HDALLUM@travelers.com

FREEFORM

**CAUSE NO.  16-05-05706**

| | | |
|---|---|---|
| **ALI HIRANI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **TRAVELERS CASUALTY** | § | |
| **INSURANCE COMPANY OF** | § | |
| **AMERICA, SAM SALAZAR, AND** | § | |
| **HERBERT DALLUM** | § | **284TH JUDICIAL DISTRICT** |

<u>**DEFENDANTS' ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Travelers Casualty Insurance Company of America, Sam Salazar and Herbert Dallum, the defendants in the above entitled and numbered cause, and file this their original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendants hereby generally deny the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert their privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pleading further, should further answer be necessary, the defendants specifically deny that the plaintiff has standing to bring this lawsuit.

III.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendants notify all parties to this lawsuit of the defendants' intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

IV.

The defendants specifically reserve the right to amend their answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims they may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendants, Travelers Casualty Insurance Company of America, Sam Salazar and Herbert Dallum, move and pray the Court that upon trial hereof, the plaintiff recover nothing, and that the defendants go hence with their costs, and for such other and further relief, both general and special, legal and equitable, to which the defendants may show themselves justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24093437
wwise@obt.com

ATTORNEYS FOR DEFENDANTS,
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, SAM
SALAZAR, AND HERBERT DALLUM

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on the 17th day of June, 2016, I electronically filed the foregoing with the Montgomery County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins